USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nelson Veras,

                Petitioner,

–v–

United States of America,

                Respondent.

14-cr-00468 (AT)
15-cr-00551 (AJN)
15-cr-00651 (AJN)
16-cv-09699 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

      Petitioner Nelson Veras moves pursuant to 28 U.S.C. § 2255 for the Court to vacate his sentence on the grounds that his trial counsel provided ineffective assistance by failing to object at sentencing to the application of a sentencing enhancement for the possession of a firearm, U.S.S.G. § 2B1.3(b)(2)(C). For the reasons stated below, that motion is denied.

**I.    BACKGROUND**

**A. Mr. Veras's Indictments, Guilty Pleas and Sentencings**

      Mr. Veras was at one point a high-ranking member of the street gang referred to as the "Trinitarios" in the Bronx borough of New York City, through which he engaged in narcotics distribution activities. PSR 1, ¶¶ 9-11.[1] On November 25, 2012, Mr. Veras participated in an armed, violent carjacking of four persons in a BMW in Manhattan. PSR 2, ¶¶ 24-26. On January 20, 2014, Mr. Veras participated in an armed robbery of a home in the Bronx, in which

---

[1] The pre-sentence investigations report in 14-cr-468 (PSR 1) and in 15-cr-551 & 15-cr-651 (PSR 2) were adopted by the district court. *See* No. 14-cr-468, Dkt. No. 301, Sent. Tr. at 3; No. 15-cr-551, Dkt. No. 215, Sent. Tr. at 9.

1

multiple occupants were bound and threatened or assaulted with weapons. PSR 2 ¶ 20; No. 15-cr-551, Dkt. No. 86, Plea Tr. at 21-22.

On July 15, 2014, the government indicted Mr. Veras, along with multiple other co-defendants, with conspiracy to distribute controlled substances, 21 U.S.C. §§ 841(b)(1)(A), (C), (E) and 846, (Count One), and possession of a firearm in connection with a drug trafficking offense, 18 U.S.C. § 924(c), (Count Two) arising out of his narcotics distribution activities with the "Trinitarious" street gang. No. 14-cr-468, Dkt. No. 1, 2 ("Narcotics Distribution Indictment").

Mr. Veras pled guilty on April 20, 2015 to lesser-included offenses of Count One and Count Two of the Narcotics Distribution Indictment. No. 14-cr-468, Dkt. No. 200, 220. In the parties' plea agreement, they stipulated that the guidelines range was 147 to 168 months and Mr. Veras waived his right to appeal a sentence within or below the guidelines range. *Id.* at 14. He was sentenced to 96 months' imprisonment. No. 14-cr-468, Dkt. No. 264.

On August 17, 2015, the government indicted Mr. Veras and six co-defendants for Hobbs Act Robbery, 18 U.S.C. §§ 1951, 1952 (Count One) and possession of a firearm in connection with a crime of violence, 18 U.S.C. § 924(c) (Count Two) arising out of the home invasion. No. 15-cr-551, Dkt. No. 1 ("Home Invasion Indictment'). On September 22, 2015, Mr. Veras was charged in a separate indictment, along with three other co-defendants, with carjacking, 18 U.S.C. § 2219(1), (2) (Count One) and possession of a firearm in connection with a crime of violence, 18 U.S.C. § 924(c) (Count Two) in connection with the armed robbery of a vehicle. Dkt. No. 15-cr-651, Dkt. No. 1 ("Carjacking Indictment").

Mr. Veras pled guilty on December 17, 2015 to Count One of the Home Invasion Indictment (Hobbs Act Robbery) and Count One of the Carjacking Indictment (Carjacking). No.

15-cr-551, Dkt. No. 86. Pursuant to the plea agreement, the parties stipulated to a sentencing guidelines range calculation of 121 to 151 months. No. 15-cr-551, Dkt. No. 215, Sent. Tr. at 10. As part of that calculation, the parties agreed that a five-level sentencing enhancement under U.S.S.G. § 2B1.3(b)(2)(C) applied for a firearm being brandished during the course of the robbery and carjacking. Additionally, in the plea agreement, Mr. Veras also waived his right to appeal a sentence that was below 151 months. No. 15-cr-551, Dkt. No. 86, Pl. Tr. at 19. At the sentencing hearing on June 1, 2016, the Court, after conducting its own independent evaluation, agreed that this range was appropriate. *Id.* The Court sentenced Mr. Veras to 121 months. *Id.* at 36-37.

### B. Mr. Veras's 28 U.S.C. § 2255 Motion

On December 9, 2016, Mr. Veras filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. No. 16-cv-9699, Dkt. No. 1. In that motion, Mr. Veras argued that after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015), his conviction on Count Two of the Narcotics Distribution Indictment must be vacated. *Id*. On January 5, 2017, the Court ordered that habeas counsel be appointed for Mr. Veras. No. 16-cv-9699, Dkt. No. 14. The Government filed a response to Petitioner's § 2255 motion on February 27, 2017. *Id.* The Government argued that Mr. Veras's motion was meritless because, though *Johnson* might suggest that his Hobbs Act robbery charge was not a predicate offense for Count Two, his predicate offense for the § 924(c) charge was not Hobbes Act Robbery but conspiracy to distribute narcotics, the validity of which was not in question after *Johnson*. No. 15-cr-551, Dkt. No. 249, at 5. On March 7, 2019, Mr. Veras's appointed counsel filed a reply in which he conceded to the Government's position that the motion was without merit and agreed that it should be dismissed. No. 15-cr-551, Dkt. No. 250, at 10.

3

On December 21, 2018, Mr. Veras filed an amended § 2255 motion *pro se*. No. 16-cv-9699, Dkt. No. 13, 14. In that amended motion, he argued that his trial counsel provided ineffective assistance for not objecting to the application of a five-level increase under the Firearm Sentencing Enhancement of the Guidelines, U.S.S.G. § 2B1.3(b)(2)(C), during the sentencing hearing. *Id.* He did not renew the argument made in his original § 2255 petition. *Id.*

On June 24, 2019, the Court issued an Order explaining to Mr. Veras that he may either be represented or represent himself, but that, so long as he is represented, he may not communicate with the Court other than through counsel. *Id.* On July 16, 2019, Mr. Veras moved to dismiss his counsel. No. 15-cr-551, Dkt. No. 319. On August 16, 2019, the Court issued an Order granting that request, deeming his Amended § 2255 motion the operative petition, and setting a briefing schedule for the Government's opposition and Mr. Veras's subsequent reply. *Id.*

On October 13, 2019, the Government filed a response to Mr. Veras's amended § 2255 petition, arguing that the motion was procedurally barred as a result of Mr. Veras's waiver of his appellate rights in the plea agreement and that his ineffective assistance of counsel argument was nonetheless meritless. No. 15-cr-551, Dkt. No. 324. Mr. Veras did not file a reply.

## II.      DISCUSSION

### A.   Mr. Veras's § 2255 motion is procedurally barred

It is "well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998). This principle applies not only to waivers of the right to directly appeal one's sentence, but also the right to collaterally attack the sentence through a § 2255 motion. *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001).

The Court determines that Mr. Veras waiver of his right to challenge his sentence was "knowing and voluntary." *Djelevic*, 161 F.3d at 106. The plea agreement executed for Mr. Veras's his guilty plea to Count One of the Home Invasion Indictment and Count One of the Carjacking Indictment explicitly stated that Mr. Veras would waive his rights to appeal, as well as to collaterally attack his sentence via a § 2255 motion, if that sentence fell within or below the stipulated guidelines range of 121 to 151 months. No. 15-cr551, Dkt. No. 249-3 at 5. At the change of plea hearing, the Court confirmed with Mr. Veras that prior to signing he discussed this plea agreement with his attorney and that he understood the agreement. No. 15-cr-551, Dkt. No. 86, Plea Tr. at 18. The Court specifically asked Mr. Veras if he understood that "[i]n your plea agreement you've waived your right to appeal or otherwise challenge any sentence that is 151 months or below . . . In other words, if I sentence you to 151 months or anything less than 151 months, you would have no right to appeal or otherwise challenge that sentence . . . Do you understand that?" to which Mr. Veras replied "Yes, your Honor." *Id.* at 19.

To be sure, "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured," and thus the Court will not enforce the waiver where "the defendant has a 'meritorious' claim that 'the waiver was the result of ineffective assistance of counsel.'" *See Oldyn v. United States*, No. 10 CR. 94 JSR AJP, 2014 WL 3417465, at *6 (S.D.N.Y. July 8, 2014) (citing *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir.2002); *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir.2004)). However, Mr. Veras does not make an ineffective assistance of counsel claim with regards to his counsel's negotiation and execution of the plea agreement and does not challenge the validity of the waiver in any respect. Instead, he argues in his amended § 2255 motion that it was ineffective assistance for his counsel not to object during the sentencing hearing to the

5

guidelines range or determination of sentence after the Assistant U.S. Attorney told the Court that he was not sure whether it was Mr. Veras or his co-defendant who actually held the firearm during the carjacking and armed robbery. No. 16-cv-9699, Dkt. No. 13, 14. As this ineffective assistance of counsel claim is "limited to post-plea events (e.g. sentencing)," the "waiver remains enforceable." *Marulanda v. United States,* No. 07 CV 5301SJ, 2009 WL 1546315, at *2 (E.D.N.Y. June 2, 2009).

### B. Mr. Veras's ineffective assistance of counsel claim is without merit

Even if Mr. Veras had not waived his right to file the instant motion, the Court would still deny it on the merits.

A petitioner seeking to attack his sentence based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," namely, demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688-89, 693-94 (1984). Specifically, in the context of sentencing, that "there is a reasonable probability that the sentence imposed would have been different." *Roy v. United States*, 347 F. Supp. 3d 230, 237 (S.D.N.Y. 2018) (citing *United States v. Workman*, 110 F.3d 915, 920 (2d Cir. 1997)).

Mr. Veras argues that his counsel should have objected to the application of the Firearm Enhancement, U.S.S.G. § 2B3.1(b)(2)(c), at sentencing in light of comments made by the government. In particular, the Government stated at sentencing that "[w]e're not certain which one of them, Vasquez or Veras, was the one possessing the gun" during the home invasion, "but what both cooperators are consistent on is that both of them were involved in assaulting victims,"

and that as to the carjacking, the "cooperating witnesses [] said that Mr. Veras was the one who had the bat, and that it was Mr. Veras who used the bat to hit one of the victims." No. 15-cr-551, Dkt. No. 215, Sent. Tr. at 29-30. Petitioner claims that his counsel's failure to object to the application of the Firearm Enhancement after that statement fell below an objective standard of reasonableness, and that had she objected, he would not have received the five-level increase under that provision and thus his sentence would have been lower.

Petitioner cannot meet either prong of the *Strickland* standard. First, counsel's conduct did not fall below a standard of reasonableness because there was no basis for objecting to the application of this enhancement. The Court was not required to find beyond a reasonable doubt that Mr. Veras himself held the firearm during the carjacking. The enhancement under § 2B3.1(b)(2)(C) applies where "a firearm was brandished or possessed" as part of the offense, but "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy)," the Court is to consider "all acts and omissions of others that were (i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity; that occurred during the commission of the offense. . ." U.S.S.G. § 1B1.3.

Therefore, under this provision, "if a defendant participates in 'jointly undertaken criminal activity,' he or she may be sentenced based on criminal acts committed by other participants if the acts were committed in furtherance of the jointly undertaken activity and could reasonably have been foreseen by the defendant." *United States v. Studley*, 47 F.3d 569, 573 (2d Cir. 1995). Specifically, as relevant here, even though "the possession of the firearm by [a co-defendant] is not automatically attributable to his coconspirator," the co-conspirator "may be

7

held responsible for possession of the firearm" if the "possession of the firearm was reasonably foreseeable to" him. *United States v. Ortega*, 94 F.3d 764, 768 (2d Cir. 1996) (citing *United States v. Stevens*, 985 F.2d 1175, 1188 (2d Cir.1993); U.S.S.G. § 1B1.3(a)(1)(B)).

Assuming *arguendo* that Mr. Veras himself did not possess a firearm during either offense, the enhancement is still appropriate so long as the possession of the firearm by his co-conspirators was within the scope of his agreement to participate in the robbery and carjacking and was foreseeable to him. *See Ortega*, 94 F.3d at 768. Mr. Veras does not claim in his motion that he was unaware of that a firearm would be brought or brandished during the offenses. To the contrary, that he or his co-conspirators would use a firearm in connection with the carjacking and armed robbery, if not the exact intention of Mr. Veras, was at least entirely foreseeable to him. The record established by the plea agreement, plea hearing, pre-sentence investigation report, and sentencing hearing demonstrate unequivocally that Mr. Veras was substantially involved in planning the armed robbery and armed carjacking and was a knowing, full participant in those crimes. Thus, the "the scope of the activity to which the defendant agreed" and helped plan, a violent robbery and carjacking in which firearms and other weapons were used, "was sufficiently broad to include the relevant, coconspirator conduct in question," the possession of a firearm. *United States v. Getto*, 729 F.3d 221, 234 (2d Cir. 2013).

As this objection was without merit, Mr. Veras's counsel's decision not to object to the application of the enhancement did not fall below an "objective standard of reasonableness," *Strickland*, 466 U.S. at 688. *See Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) ("The failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a] [p]etitioner [i]s entitled.") (quotation marks and citations omitted).

Mr. Veras also cannot satisfy the second prong of *Strickland*. Because there were ample facts in the record establishing the applicability of the Firearm Enhancement, there is not a "reasonable probability that . . . the result of the proceeding would have been different" even if Mr. Veras's counsel had made an objection. *Strickland*, 466 U.S. at 694. *See Guerrero v. United States*, No. 1:07-CR-0248-GHW, 2017 WL 1435743, at *11 (S.D.N.Y. Apr. 20, 2017) (holding that because defendant "offers no basis to believe that such an objection would have been successful, and everything in the record demonstrates that it would not have been, he also fails to satisfy the prejudice prong of *Strickland*" with regards to his ineffective assistance claim.). Therefore, Mr. Veras has not established that his trial counsel provided ineffective assistance.

### III. CONCLUSION

For the reasons stated above, Mr. Veras's motion to vacate his sentence under § 2255 is DENIED. This resolves No. 16-cv-9699, Dkt. No. 1, 13 and No. 15-cr-551, Dkt. No. 234, 316. For No. 16-cv-9699, Dkt. Nos. 4 and 9 are administratively denied. For No. 15-cr-551, Dkt. No. 248 is administratively denied.

As Mr. Veras "has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue." *Perez v. United States*, No. 04-cv-7148 (JSR), 2007 WL 685949, at* 1 (S.D.N.Y Jan. 29, 2007) (citing 28 U.S.C. § 2253). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to Mr. Veras, note its mailing on the public docket, and close the case.

SO ORDERED.

Dated: February 22, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge